**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MAYERON,<br><br>           Plaintiff,<br><br>   v.<br><br>AUGUSTE ROBERTS, an individual, and<br>UNITED STATES OF AMERICA,<br><br>           Defendants.<br>_____/<br>AUGUSTE ROBERTS,<br><br>           Counterclaimant,<br>   v.<br><br>DENNIS MAYERON,<br><br>           Counterdefendant.<br>_____/<br>AUGUSTE ROBERTS,<br><br>           Cross-claimant,<br>   v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE TREASURY,<br>INTERNAL REVENUE SERVICE,<br><br>           Cross-defendant.<br>_____/ | No. C-06-03589 EDL<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS FOR SUMMARY JUDGMENT<br>AND DENYING PLAINTIFF'S MOTION<br>TO DISMISS AND MOTION FOR<br>SUMMARY JUDGMENT** |

Plaintiff, who is proceeding pro se, brought this action regarding a property dispute arising out of a federal tax lien sale. Plaintiff initially filed this action against Auguste Roberts who was the successful bidder on property seized by the United States Internal Revenue Service ("IRS") and offered for sale at an IRS Auction. In an Order dated September 14, 2006, in response to Defendant

Roberts' motion to dismiss for failure to join an indispensable party, or, alternatively, to compel joinder of a necessary party, this Court found that the United States is a necessary party to this action and ordered Plaintiff to file an Amended Complaint naming the United States as a defendant. Accordingly, on October 6, 2006, Plaintiff filed an Amended Complaint naming Roberts and the United States as Defendants. Plaintiff's Amended Complaint states two claims for declaratory relief: one for quiet title; the other for unjust enrichment.

Plaintiff claims title to property located at 850 Athens Avenue in Oakland since 1983. Am. Compl. ¶ 6. Defendant Roberts also claims an interest in that property as a result of the IRS tax lien sale on March 10, 2006. Id. ¶ 4. Plaintiff alleges that the IRS had no authority to conduct the sale due to various failures to comply with certain notice requirements and, therefore, the sale is void. Id. ¶¶ 10, 11. Plaintiff further alleges that the IRS "made arbitrary and unauthorized price reductions of the property" which render the sale void, and also support a finding of unjust enrichment because Roberts' purchase price for the property was approximately 35-40% below the actual property value. Id. ¶¶ 10, 17-18. Plaintiff alleges that he warned Defendant Roberts that Plaintiff would sue anyone who might be a successful bidder on the property. Id. ¶ 9. After the sale, Defendant Roberts obtained a Certificate of Sale from the IRS, which Plaintiff alleges is clouding Plaintiff's title to the property. Id. ¶ 12. Plaintiff alleges that this Certificate of Sale is void because the auction proceedings were unauthorized and void. Id. ¶ 13.

Making good on his promise to sue the successful bidder, Plaintiff filed this action on June 6, 2006. By way of relief, Plaintiff seeks either: (1) an order finding that the Certificate of Sale and any subsequent documents Roberts may obtain from the IRS regarding the sale are invalid as a result of the IRS's failure to comply with their statutory obligations in conducting a lien sale; or (2) an order finding that any rights Roberts may claim in the property are the result of unjust enrichment due to a grossly undervalued auction price and the sale of the property is void or, alternatively, that Roberts must compensate Plaintiff for the difference between the actual value of the property and the auction price that Roberts paid. Id. ¶¶ 14, 16-19.

Defendant Roberts pursues a counterclaim for declaratory relief against Mayeron and a cross-claim for declaratory relief against the United States. (Dkt. Nos. 19, 20). Roberts'

counterclaim against Plaintiff seeks a judicial determination that the IRS sale of Plaintiff's property was valid and that Roberts has a legitimate title to the property free and clear of any claims by Plaintiff. Counterclaim ¶ 5. Roberts' cross-claim against the United States seeks a judicial determination that, if the Court invalidates that the sale of Plaintiff's property, then (1) the government must indemnify Roberts for any loss or liability arising from the tax lien sale, and (2) Roberts' purchase of Plaintiff's property is rescinded based on mutual mistake. Cross-claim ¶¶ 8, 11.

As described below, there are several dispositive motions before the Court. Plaintiff filed a motion to dismiss the United States and for summary judgment against Roberts (Dkt. No. 42). The United States filed a motion to dismiss and motion for summary judgment against Plaintiff (Dkt. No. 35). Roberts joined the United States' motion and also moves for summary judgment on his counterclaim against Plaintiff. (Dkt. No. 40). Each motion is opposed and fully briefed. On June 26, 2007, a hearing on the parties' motions came before the Court. For the reasons set forth below, the Court DENIES Plaintiff's motion to dismiss and for summary judgment and GRANTS the United States' and Roberts' motions to dismiss and for summary judgment.

**I.    Plaintiff's Motion to Dismiss the United States as a Defendant**

Plaintiff argues that the United States should be dismissed as a defendant because this Court lacks jurisdiction over the United States. Pl's Mot. at 9. Plaintiff contends that this case is simply for declaratory relief and to quiet title to the property purportedly purchased by Roberts. Plaintiff states that the United States is named as a defendant in this action *only* because the Court required him to add the government as a defendant. Plaintiff argues that the government cannot be sued without its consent and that the government has no standing in this case because it has no interest in Plaintiff's property. Id. at 9-10, fn. 4 (citing Powelson v. United States, 979 F.2d 141, 145 (9th Cir. 1992)) (affirming dismissal of quiet title action against the United States where "the government held no interest in the property when the quiet title action was filed.").

In response, the government argues that 28 U.S.C. § 2410 states, in part, that "the United States may be named a party in any civil action or suit in any district court . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." Def's

3

Mot. at 6. According to the government, § 2410 waives sovereign immunity and provides a court jurisdiction only to review the procedural validity of the seizure and sale if, at the time the action was commenced, the government claims a lien or mortgage on the property. Id. (citing Hughes v. United States, 953 F.2d 531, 538 (9th Cir. 1991)).

In its Order dated September 14, 2006, the Court required Plaintiff to add the United States as a Defendant because the deed to the subject property had not passed to Defendant Roberts at the time Plaintiff filed his Complaint. Unlike the facts in Powelson, where the government had no interest in the property when the case was filed, here, the Court has already determined that the IRS retained an interest in the subject property sufficient to make it a necessary party in this case. Therefore, the limited jurisdiction provided by 28 U.S.C. § 2410 applies here, and the United States is a proper party to this action. Accordingly, the Court DENIES Plaintiff's motion to dismiss.

**II.     Legal Standard for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The court may not weigh the evidence. Id. at 255. Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor." United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party's burden is discharged when it shows the court that there is an absence of evidence to support the nonmoving party's case. See id. at 325.

4

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Liberty Lobby, 477 U.S. at 250. The opposing party need not produce evidence in a form that would be admissible at trial in order to avoid a summary judgment. See Celotex, 477 U.S. at 324. Nor must the opposing party show that the issue will be resolved conclusively in its favor. See Liberty Lobby, 477 U.S. at 248-49. All that is necessary is sufficient evidence supporting the asserted factual dispute and requiring a jury or judge to resolve the parties' differing versions of the truth at trial. See id. However, "neither a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment." National Union Fire Ins. Co. v. Argonaut Ins. Co., 701 F.3d 95, 97 (9th Cir. 1983).

**III.     The Parties' Cross-Motions for Summary Judgment Regarding the Validity of the IRS's Seizure and Sale of Plaintiff's Property**

**A.     Relevant Statutes**

Plaintiff's allegations related to the seizure and sale of his property relate to two separate series of events: (1) the alleged failures of the IRS to provide Plaintiff with notices of deficiency and assessments, and (2) the alleged failures of the IRS to strictly comply with the statutory notice requirements prior to conducting the seizure and sale of Plaintiff's property in March 2006.

Regarding the notices of deficiency and assessment: 26 U.S.C. § 6212(a) states that "[i]f the Secretary determines that there is a deficiency in respect of any tax . . . he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."[1] Under 26 U.S.C. § 6213(a), the IRS must send a notice of deficiency before it may assess, collect, or reduce to judgment most income tax liabilities. The notice is valid even if not received by the taxpayer, if it is mailed to the taxpayer's last known address. See 26 U.S.C. § 6212(b)(1); United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984); Cool Fuel, Inc. v. Connett, 685 F.2d

---

[1] The government notes that 26 U.S.C. § 6212(a) was modified in 1998 to add a sentence requiring that "[s]uch notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office." The government states that the notice it sent Plaintiff complied with the requirements in place at the time. Plaintiff does not respond to this statement – his contention, of course, is that he never received any such notice required under 26 U.S.C. § 6212(a).

5

309, 312 (9th Cir. 1982).

As to the alleged failures related to the seizure and sale of Plaintiff's house, 26 U.S.C. § 6303(a) states that "[t]he secretary or his delegate shall . . . within 60 days after the making of an assessment of a tax pursuant to Section 6203 give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. . . ." Under § 6335(b), "[t]he Secretary shall as soon as practical after the seizure of the property, give notice to the owner." The Notice of Sale must be accomplished in the manner set forth in §6335(a) which provides that:

> (1) notice in writing shall be given to the owner of the property or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made;
>
> (2) If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. . . .

26 U.S.C. § 6335(a). The Ninth Circuit has held that "[a]lthough the IRS has a number of options for giving notice to the property owner under 26 U.S.C. §§ 6335 (a) and (b), strict compliance with the statute is required." Powelson, 979 F.2d at 144.

**B.     The Parties' Arguments**

Plaintiff argues that judgment should be entered in his favor and against Defendant Roberts because there are no disputed material issues of fact concerning Plaintiff's property right dispute as the IRS was statutorily barred from seizing Plaintiff's property, so the sale of Plaintiff's property was fatally defective. Plaintiff contends that numerous alleged failures by the IRS compel a finding by this Court that the IRS did not have authority to seize Plaintiff's property and that the IRS did not conduct a valid sale of Plaintiff's property thereby resulting in nothing being conveyed to Defendant Roberts. Specifically, Plaintiff alleges the following:

- the IRS failed to comply with the Notice of Deficiency requirements of 26 U.S.C.§§ 6212 and 6213 prior to the seizure and auction of Plaintiff's property;

6

- the IRS failed to issue a proper assessment for the alleged taxes owed by Plaintiff for the 1992 tax year;

- the IRS failed to issue a Notice of Assessment to Plaintiff as required by 26 U.S.C. § 6303(a);

- the IRS failed to deliver the Notice of Sale to Plaintiff as required by 26 U.S.C. § 6335(b); and

- the IRS had no authority to reduce the market value of Plaintiff's property.

In support of these contentions, Plaintiff states that an IRS agent personally delivered a Notice of Seizure regarding the property at 850 Athens Ave. on January 17, 2006. Plaintiff states that the notice alleged that he owed over $26,000 in taxes. Pl's Mot. at 3 (citing Declaration of Dennis Mayeron ¶3) ("Mayeron Decl."). Prior to that date, however, Plaintiff alleges that he never received a notice of deficiency or assessment notice from the IRS regarding taxes owed from 1992. Mayeron Decl. ¶¶ 4-5. Plaintiff indicates that he retains notices he receives from the IRS, searched his records for any notice of deficiency or notice of assessment, but never found such documents, nor were such documents provided to him in response to prior Freedom of Information Act requests. Id.

Plaintiff also states that on February 9, 2006, the IRS mailed a Notice of Sale to him which set an auction date for March 16, 2006. Id. ¶ 6. Plaintiff indicates that at the time the IRS mailed the Notice of Sale, he was located within the same internal revenue district as the seized property. Id. ¶ 7. Plaintiff also indicates that he received a copy of a "Minimum Bid Worksheet" in early February 2006. Id. ¶ 8. The Minimum Bid Worksheet shows two price reductions in the fair market value of the seized property – one for 25% and the other for an additional 20%. Id. Although Plaintiff concedes that he received certain notices regarding the seizure and sale of his property, he contends that the IRS failed to provide him with the appropriate notice required by 26 U.S.C. § 6335. In light of these alleged failures, Plaintiff argues that Defendant Roberts has no rights to Plaintiff's property that was sold at the March 10, 2006 tax lien sale.

7

In response to Plaintiff's motion for summary judgment and in support of its own motion for summary judgment, the United States makes three main points:

- this Court has limited jurisdiction under 28 U.S.C. § 2410

- the IRS issued a proper Notice of Deficiency and a proper Notice of Assessment under 26 U.S.C. § 6212 and 6303; and

- the IRS complied with the delivery requirements for the Notice of Sale to Plaintiff under 26 U.S.C. § 6335.

With respect to its first argument, the government states that 28 U.S.C. § 2410 provides limited jurisdiction and waives sovereign immunity only so far as to allow the Court to review the procedural validity of a seizure and sale if, at the time the action was commenced, the government claims a lien or mortgage on the property. Def's Mot. at 6. However, the government correctly points out that "'[a] taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment.'" Id. (citing Hughes v. United States, 953 F.2d 531, 538 (9th Cir. 1992); Shaw v. United States, 331 F.2d 493 (9th Cir. 1964)).

The government argues in the alternative that it complied with the statutory requirements of the notice of deficiency and assessments, and therefore, Plaintiff's challenge to the merits of the underlying assessment fails. In support of this argument, the government has submitted a Certificate of Assessments and Payments. Def's Opp. at 3 (citing Exhibit 19 to the Declaration of Cynthia Stier which was submitted with the government's motion for summary judgment) ("Stier Decl."). The government argues that the Certificate of Assessment and Payments establishes that the requisite assessment notices were properly made. Id. The government further argues that, absent contrary evidence, the existence of a Certificate of Assessments and Payment is sufficient to establish that the notices and assessments were properly made. Id. (citing Zolla, 724 F.2d at 810; United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir.), cert. denied, 493 U.S. 975 (1989); Borrero v. United States, 1993 WL 625569 (E.D. Cal., Dec. 14, 1993)).

After the June 26 hearing, the government also submitted the Amended Declaration of Jackie Hobbs which attaches an "IMF MCC transcript" for Plaintiff Mayeron at Exhibit 2. ("Hobbs

8

**United States District Court**
For the Northern District of California

Decl."). Ms. Hobbs indicates that she "is a Tax Compliance Officer with the [IRS] employed in the Small Business/Self-Employed Division." Hobbs Decl. ¶ 1. As a tax compliance officer, Ms. Hobbs' duties include office audits for self-employed and individual taxpayers." Id. According to Ms. Hobbs, "taxpayer accounts are maintained by the IRS in the ordinary course of business on its computer system through Individual Master File ("IMF"). Id. Ms. Hobbs further indicates that the IMF accounts for taxpayers are "maintained in the ordinary course of business." Id. ¶ 3. Ms. Hobbs explains that she reviewed the attached IMF MCC transcript for Plaintiff for the 1992 tax year. Id. ¶ 6. According to Ms. Hobbs, "[t]he STAT-58 entry [in the transcript] evidences that the IRS sent a fourth Notice of Deficiency and Notice of Assessment to Dennis Mayeron by certified mail on September 9, 1996." Id. ¶ 7.

Finally, the government argues that "the record clearly establishes that Plaintiff received notice of his delinquent 1992 tax liability prior to seizure and sale through" the receipt of notices on August 25, 2004 (Final Notice of Intent to Levy) (Stier Decl., Ex. 5); February 1, 2005 (Notice of Levy) (Stier Decl., Ex. 6); and December 9, 2005 (Notice of intent to collect unpaid taxes) (Stier Decl., Ex. 8). Def's Opp. at 4. Defendants argue that such notices of deficiency, lien, levy, garnishment and sale are sufficient to satisfy the requirements of 26 U.S.C. § 6303(a). Def's Opp. at 4 (citing Hughes, 953 F.2d at 536; Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990)).

With respect to Plaintiff's claim that the IRS failed to deliver to the Notice of Sale as required by 26 U.S.C. § 6335(b), the government argues that the IRS's service of the Notice of Sale on Plaintiff is consistent with the requirements of § 6335(b) because an agent of the IRS attempted to personally deliver the Notice of Sale to Plaintiff. After the attempt at personal service was not successful, the IRS agent left the Notice of Sale under Plaintiff's doormat when he did not answer the door and he also sent the Notice of Sale to Plaintiff by certified and regular mail. Def's Opp. at 5 (citing Declaration of Benjamin Dotson which describes his efforts in attempting to personally serve Plaintiff with the Notice of Sale). According to the government, such procedures comply with the delivery requirements set forth in 26 U.S.C. § 6335(b).

    **C.    Discussion**

9

### 1. This Court's Jurisdiction is Limited under 28 U.S.C. § 2410

Although Plaintiff's initial complaint was styled as a one for quiet title and unjust enrichment against only Defendant Roberts, this Court has previously held that the United States is a necessary party to this action because it retained an interest in the subject property at the time Plaintiff filed his Complaint, and ordered Plaintiff to file an Amended Complaint. Accordingly, jurisdiction over the United States is conferred by 28 U.S.C. § 2410 which waives sovereign immunity and provides the Court with jurisdiction to consider matters falling within the scope of the statute. Hughes, 953 F.2d at 538. The Ninth Circuit has "strictly limited the reach and application of this statute." Id.

Under § 2410, a taxpayer may bring a quiet title action against the United States, and in so doing, may contest "the procedural validity of a tax lien." Elias, 908 F.2d at 527. However, "[a] taxpayer may not use a section 2410 naming the United States as a defendant to collaterally attack the merits of an assessment." Id. This means that a district court lacks jurisdiction to review the merits of a federal income tax assessment as part of a quiet title action brought pursuant to § 2410. Id. The Ninth Circuit has held that a district court lacks jurisdiction to consider the following types of claims as part of a taxpayer's § 2410 action: (1) that a tax deficiency is "null and void;" (2) that "a lawful assessment against him does not exist;" and (3) that an assessment is invalid because the taxpayer "was not issued a notice of deficiency" pursuant to 26 U.S.C. §§ 6212 and 6213(a). Elias, 908 F.2d at 527.

Although Plaintiff would prefer to characterize his case as one that could proceed solely against Defendant Roberts, the Court has previously found that the government is a necessary party to this action because of its interest in the property when the Complaint was filed. Therefore, § 2410 is implicated and it significantly limits the Court's jurisdiction in this case. While many of Plaintiff's allegations relate to the IRS's alleged failures to provide the required notices of assessment and deficiency, such claims under §§ 6212 and 6213 address the merits of the assessment and not the procedural validity of the seizure and sale. Accordingly, they are beyond the reach of this Court's jurisdiction under § 2410.

### 2. Assuming the Court May Consider the Merits, There is No Genuine Issue of Material Fact Regarding the Notices of Deficiency and

**Assessment under §§ 6212, 6213 or 6303(a)**

Alternatively, if the Court may reach these issues, the government has shown that there is no genuine issue of material fact that it complied with 26 U.S.C. §§ 6212 and 6213 in issuing the notices of deficiency. Additionally, the government has convincingly shown that it complied with § 6303(a) in issuing the notice of assessment. In support of its position, the government submitted (1) the Certificate of Assessments and Payments (Exhibit 19 to the Stier Declaration), and (2) the Amended Declaration of Jackie Hobbs to establish that the government mailed the required notices of deficiency and assessment. The government further argues that, absent contrary evidence, the existence of a Certificate of Assessments and Payment is sufficient to establish that the notices and assessments were properly made. Def's Opp. at 3 (citing Hughes, 953 F.2d at 536; Elias, 908 F.2d at 525). The government also notes that even if Plaintiff did not receive the September 9, 1996 Notice of Deficiency described in the Amended Hobbs Declaration, "the record clearly establishes that Plaintiff received notice of his delinquent 1992 tax liability prior to seizure and sale" through the receipt of notices on August 25, 2004 (Final Notice of Intent to Levy - Stier Decl., Ex. 5); February 1, 2005 (Notice of Levy - Stier Decl., Ex. 6); and December 9, 2005 (notice of intent to collect unpaid taxes - Stier Decl., Ex. 8). Def's Opp. at 4.

The Ninth Circuit has recognized that certificates of tax assessments and payments are "highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made." Zolla, 724 F.2d at 810 (citing United States v. Aherns, 530 F.2d 781, 784-86 (8th Cir. 1979); Cataldo v. Comm'r, 60 T.C. 522, 524 (1973)); see also Hughes, 953 F.2d at 535. In Zolla, the Ninth Circuit held that notices are properly made "even if not received by the taxpayer, if it is mailed to the taxpayer's last known address." Id.; see also Cool Fuel, Inc., 685 F.2d at 312. The Ninth Circuit has also found that notices of deficiencies, liens, levy, sealed bid sale and garnishment informing the taxpayer of the amount owed and requesting payment satisfy the requirements under § 6303(a) because "[t]he form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information requested under 26 U.S.C. § 6303(a)." Hughes, 953 F.2d at 536.

11

Plaintiff contends that he never received a Notice of Deficiency or a Notice of Assessment. However, Plaintiff does not claim that he was unaware of his tax liability nor does he provide any evidence raising a question of fact that the IRS did not send the notices of deficiency or assessment. Rather, he simply states that he never received an "assessment notice from the IRS regarding the year 1992." Mayeron Decl. at ¶5.

According to Zolla and Cool Fuel, Inc., the fact that Plaintiff did not receive the notices does not render them invalid. Accordingly, in the event the Court is authorized to adjudicate the merits of Plaintiff's claims related to the United States' compliance with §§ 6212 and 6213, the Court finds that the government has established through the Amended Hobbs Declaration and its attachments that the notices were properly made and summary judgment on this issue against Plaintiff is appropriate. With respect to the notice of assessment under § 6303(a), because Plaintiff received numerous notices of the IRS' intent to levy and to collect, and because Plaintiff has failed to provide any evidence contradicting the government's Certificate of Assessment, Plaintiff has otherwise failed to raise any genuine issue of material fact regarding the notices of deficiency and assessment. Therefore, following the guidance of Hughes, the Court finds that summary judgment is appropriate regarding Plaintiff's claims under § 6303(a).

### 3. There is No Genuine Issue of Material Fact Regarding the Notice of Seizure and Sale of Plaintiff's Property

The IRS's authority to levy upon and sell Plaintiff's property derives from 26 U.S.C. §§ 6321, 6322, and 6331. Section 6335 sets forth the procedural requirements for seizure and sale. Section 6335 requires: (1) the owner of subject property must be given written notice of the seizure and the proposed sale; (2) the notice of the seizure and sale sent to the owner must specify the sum demanded and provide a description of the property; (3) the public must receive notice of the sale; (4) the public notice must specify the property to be sold and the time, place, manner and conditions of the sale; (5) the time of the sale must not be less than 10 days not more than 40 days from the time of giving public notice; (6) a minimum price must be determined before the sale of the property;   (7) the property must be sold to the highest bidder; and (8) the sale must be by public auction or by public sale under sealed bid. 26 U.S.C. § 6335.

Plaintiff's arguments related to the seizure and sale of his property are (1) because the IRS did not personally serve him in violation of 26 U.S.C. § 6335(b), the notice of sale is invalid, and (2) the minimum price set by the IRS was arbitrary. With respect to the service of the notice of seizure, § 6335(a) provides that the notice of seizure shall be left at the owner's usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located . . . the notice may be mailed to his last known address." The government submitted the Declaration of Benjamin Dotson which indicates that he went to Plaintiff's house in an attempt to personally serve him, but Plaintiff did not answer the door, so Mr. Dotson left the notice under Plaintiff's doormat and, in an abundance of caution, also mailed a notice to Plaintiff. Dotson Decl. ¶ 4. Plaintiff does not contest that he received the notice under his door nor does he dispute that such notice was, in fact, left under his doormat. Rather, he complains that he received the notice in the mail. Mayeron Decl. ¶ 6 ("On or about February 9, 2006, the IRS mailed to me a Notice of Sale, setting the auction date as March 16, 2006."). Based in the Dotson Declaration and Plaintiff's failure to provide any contrary evidence, the Court finds that no genuine issue of material fact exists regarding whether the government complied with § 6335.

As for Plaintiff's allegation that the IRS arbitrarily reduced the price of his property, the government contends that the it followed valid, established procedures in setting the sale price. Def's Opp. at 9. The IRS followed its own manual in setting a price and determined the property value from comparable sales, photographs and personal observations. Id. (citing Stier Decl. Exs. 11-13). Plaintiff failed to set forth specific facts showing that there is a genuine issue for trial. He submitted no contrary evidence suggesting that the IRS deviated from its standard procedures or otherwise erred in determining the value of his property prior to the tax lien sale. Accordingly, summary judgment is appropriate on these claims.

**VI.    Plaintiff's and Defendant Roberts Cross-Motions for Summary Judgment Regarding Plaintiff's Unjust Enrichment Claim**

In light of the above findings upholding the seizure and sale of Plaintiff's property, Plaintiff's claim for unjust enrichment fails. Accordingly, the Court DENIES Plaintiff's motion for summary judgment regarding his unjust enrichment claim and GRANTS Defendant Roberts' motion

13

for summary judgment on Plaintiff's unjust enrichment claim.

//

//

## V. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion to dismiss and for summary judgment and GRANTS the United States' and Roberts' motions to dismiss and for summary judgment.

**IT IS SO ORDERED.**

Dated: July 12, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge